■ PIER 59 STUDIOS, L.P., Appellant, v CHELSEA PIERS, L.P., Respondent. [796 NYS2d 92]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered February 3, 2005, which, in a declaratory judgment action involving, inter alia, whether a certain structure erected by plaintiff subtenant, variously referred to as a canopy, tent structure, fabric building or fabric structure, violates plaintiff's sublease with defendant sublessor, inter alia, denied plaintiff's motion for a further *Yellowstone* injunction and preliminary injunctive relief prohibiting defendant from taking any self-help action to remove the structure, unanimously affirmed, with costs.

Plaintiff obtained a *Yellowstone* injunction after receiving a letter from defendant claiming, insofar as pertinent, that plaintiff's expansion of the subject structure was an "illegal construction" not in compliance with the Building Code, and demanding its removal within 10 days. Shortly thereafter, the Department of Buildings (DOB) issued a peremptory vacate order that, insofar as pertinent, stated that the structure was

unsafe and directed that it remain vacant and unoccupied until such time as DOB declared it safe. Defendant then served a formally denominated 10-day notice to cure citing the vacate order, asserting that plaintiff erected the structure without required permits and approvals, and threatening that if plaintiff did not remove the structure then defendant would remove it itself. Plaintiff responded by moving for a second *Yellowstone* injunction tolling the new 10-day cure period, and for other injunctive relief prohibiting defendant, inter alia, from taking self-help measures. In support, plaintiff argued that defendant was refusing to sign DOB applications or otherwise cooperate with its efforts to make the structure Code-compliant, and that in the meantime the structure was safe in its present condition. Plaintiff further argued that loss of the structure would impair its business.

The motion was correctly denied. While a *Yellowstone* injunction stays the cure period, prohibiting the landlord from terminating the lease based upon the claimed breach while requiring no action by the tenant, there is no reason why a landlord, under constraint of a *Yellowstone* injunction, should not be able to exercise self-help to remedy the claimed breach if permitted by the lease (*see Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.*, 93 NY2d 508, 514-515 [1999]). That DOB has not required the dismantling of the structure has no bearing on the availability of remedies under the sublease. Of course, any self-help would be taken at the risk that it is in violation of the sublease or other duties that defendant may owe plaintiff. In the latter regard, the motion court properly declined to make an advance ruling.

Once threatened with self-help, plaintiff's remedy was to seek a preliminary injunction, which it did. However, plaintiff's claim that it will suffer an irreparable loss of good will should the space encompassed by the structure become unavailable to its clients in inclement weather is speculative. Nor does a balancing of the equities favor plaintiff, where it failed to get DOB's final sign off in connection with the initial construction, and then added the extensions without even a permit. DOB has yet to confirm the safety of the structure and continues to have concerns about its integrity in "some extreme wind and snow conditions." In view of these safety concerns, plaintiff's loss of the space in inclement weather should be given little weight. Concur—Buckley, P.J., Tom, Ellerin, Williams and Sweeny, JJ.