Triumph Enters. Corp. v Webster Auto Repair & Serv. Ctr. Inc. (2024 NY Slip Op 01619)

Triumph Enters. Corp. v Webster Auto Repair & Serv. Ctr. Inc.

2024 NY Slip Op 01619

Decided on March 21, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 21, 2024

Before: Oing, J.P., Kapnick, Shulman, Rodriguez, O'Neill Levy, JJ. 

Index No. 34550/20 Appeal No. 1896 Case No. 2023-03096 

[*1]Triumph Enterprises Corp., Plaintiff-Appellant,
v
Webster Auto Repair & Service Center Inc., Defendant-Respondent.

Novick Edelstein Pomerantz P.C., Yonkers (Lawrence Schiro of counsel), for appellant.
Green & Cohen, P.C., New York (Michael R. Cohen of counsel), for respondent.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered on or about April 10, 2023, which denied plaintiff's motion for summary judgment on liability, unanimously affirmed.
Plaintiff failed to make a prima facie showing of entitlement to summary judgment on liability for defendant's demolition of plaintiff's car wash structure (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Under the terms of plaintiff's lease with defendant landlord, plaintiff was required to maintain the premises in good condition, and defendant was entitled to enter plaintiff's premises to remediate dangerous conditions. Accordingly, issues of fact exist as to whether the damage to the retaining wall was caused by plaintiff's demolition of the concrete floor inside of the car wash structure, and whether defendant was entitled to demolish the entire car wash structure to remediate the dangerous condition identified by the Department of Buildings (DOB).
Contrary to plaintiff's contention, the stay of the notice to cure and the termination notice did not prevent defendant from entering plaintiff's premises to address the DOB's Emergency Declaration. Yellowstone injunctions stay "only the landlord's termination of a leasehold while the propriety of the underlying default is litigated" (Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc., 93 NY2d 508, 514-515 [1999]). They do not "nullify the remedies to which a landlord is otherwise entitled under the parties' contract" (id. at 515). Accordingly, a Yellowstone injunction will not prevent a landlord from remediating an unsafe condition by demolishing an unsafe structure (see Pier 59 Studios, L.P. v Chelsea Piers, L.P., 19 AD3d 148, 149 [1st Dept 2005]). The fact that defendant demolished the car wash after initiating a holdover proceeding and after plaintiff moved for an injunction, although before the court issued a temporary stay, is immaterial to whether defendant is liable for demolishing the car wash structure. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 21, 2024